## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | LISA NORWOOD, | ) |
| | | ) |
| | Plaintiff, | ) |
| v. | | ) CIV-23-460-SLP |
| | | ) |
| 1. | IMMEDIATE CARE OF OKLAHOMA, LLC, | ) ) |
| 2. | SARAH STORY, | ) |
| 3. | PAYTON LYNAM, | ) |
| 4. | JANET PULLIAM, and | ) |
| 5. | PAULA COOK, | ) |
| | | ) JURY TRIAL DEMANDED |
| | Defendants. | ) ATTORNEY'S LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiff, Lisa Norwood, and for her Complaint against the Defendants alleges and states as follows:

## PARTIES

1. Plaintiff, Lisa Norwood, is an adult female, residing in Oklahoma County, Oklahoma.

2. Defendants are:

a. Immediate Care of Oklahoma, LLC ("Immediate Care"), an entity doing business in and around Oklahoma County, Oklahoma;

b. Sarah Story ("Story"), an individual who during all relevant times hereto was employed by Immediate Care as a Clinic Assistant Shift Lead;

c. Payton Lynam ("Lynam"), an individual who during all relevant times

1

hereto was employed by Immediate Care as a District Practice Manager;

d.    Janet Pulliam ("Pulliam"), an individual who during all relevant times hereto was employed by Immediate Care as a District Practice Manager; and

e.    Paula Cook ("Cook"), an individual who during all relevant times hereto was employed by Immediate Care as a Human Resources Director.

## JURISDICTION AND VENUE

3.    This cause of action arises out of Plaintiff's former employment with Immediate Care and is based on the following claims: (a) race discrimination and retaliation in violation of 42 U.S.C. § 1981; (b) race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; (c) age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); (d) disability discrimination and retaliation for having requested reasonable accommodations in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"); (e) violations of the Family Medical Leave Act ("FMLA"); (f) tortious interference with a contractual/employment relationship; and (g) tortious interference with a prospective business advantage.

4.    Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

2

5.      To the extent required, Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 31, 2022. Plaintiff subsequently received a right to sue letter from the EEOC dated on or about April 14, 2023. Plaintiff has timely filed this action within ninety (90) days of her receipt of the notice of right to sue.

## STATEMENT OF FACTS

6.      Plaintiff, (a Black female whose date of birth is 2/1965) was employed with Defendant Immediate Care from in or around August 2019 until on or about July 5, 2022.

7.      Staff member, Tammy Flores, originally hired Plaintiff as a Medical Assistant to float at all locations.  However, Plaintiff was later assigned to specific locations.  The last clinic to which she was assigned was in Edmond, where she started in or around 2020.

8.      Plaintiff, is a qualified individual with a disability, in that, she suffers from a shoulder impairment and Fibromyalgia.

9.      Said impairments substantially limit her ability to perform one or more major life activities, including but not limited to her ability to lift, push, pull, think, concentrate, sleep and perform various physical activities.

10.      Her medical conditions also impact her internal bodily processes, including *inter alia* her musculoskeletal and neurological systems.  Plaintiff also has a record of such impairments and/or was regarded as having such impairments.

3

11.     At all relevant times though, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

12.     In fact, Plaintiff was a satisfactory or better employee. She was highly regarded by her co-workers. She also received positive performance evaluations, as well as merit pay increases.

13.     However, in or around March 2022, Sarah Story (who is White) began working as the Edmond Clinic Assistant Shift Lead and subjecting Plaintiff to unfavorable terms and conditions of employment.

14.     For instance, prior to Story, two Medical Assistants were generally assigned to work each shift. However, Story often scheduled Plaintiff (the only Black employee at the Edmond clinic) to work alone as the only Medical Assistant. Other Medical Assistants (who were not Black and who were significantly younger) were regularly scheduled to work together.

15.     In or around early-June 2022, Plaintiff complained to Story that she was being singled out and treated less favorably than her co-workers (who were significantly younger and not Black). Yet, Story continued her conduct.

16.     Also, in or around June 2022, Plaintiff notified Story and Human Resources Director Paula Cook that she was being scheduled for shoulder surgery in or around July 2022.

17.     Plaintiff asked for FMLA paperwork to complete in anticipation of her

upcoming shoulder surgery (for which she was seeking accommodations in the form of *inter alia* leave time).

18.    However, just a few weeks later, on or about July 5, 2022, Story's supervisor, District Practice Manager Payton Lynam, and HR Director Cook (both of whom are White and significantly younger than Plaintiff) terminated Plaintiff.

19.    Based on documents provided to the OESC, Lynam, Cook, Story, and Janet Pulliam, District Practice Manager, were all involved in the decision to terminate Plaintiff.

20.    Plaintiff's termination letter (dated July 12, 2022, a week after her termination) alleged she was fired due to not showing up for a shift, leaving early, being unable to work alone (presumably related to the issue about which she previously complained), and not following the ER transfer policy.

21.    Lynam also claimed that three employees (who are not Black) – Story, Customer Service Advocate Sarah Ruhl and Receptionist Kenia Rios– allegedly complained that Plaintiff was rude to them.

22.    However, the stated basis for her discharge is pretext.

23.    Plaintiff was not told of such issues prior to her termination. Defendant Immediate Care has a progressive disciplinary policy that was not followed in firing Plaintiff. And, Plaintiff followed Defendant  Immediate Care's attendance policies.

24.    Moreover, Rios affectionately referred to Plaintiff as the "clinic momma" and told Plaintiff she did not complain about Plaintiff.

25.    Plaintiff was not rude to Ruhl who did not regularly work at the Edmond location, but only filled in at the front desk for a few hours the week before Plaintiff's termination.

26.    And, as to the ER transfer policy, on or about June 26, 2022, Plaintiff and the physician were under the impression that Story was speaking with a patient on the phone who was complaining of symptoms of a heart attack.  Plaintiff and the physician told Story that the patient should go to the Emergency Room.  However, when Plaintiff learned the patient was in the clinic (not on the phone), she triaged the patient, and then the patient left.

27.    During the termination meeting, Plaintiff denied the allegations and told Lynam she felt singled out.  Lynam admitted that the subjective allegations did not sound like Plaintiff.  Yet, he terminated her employment.

28.    Additionally, Plaintiff was not afforded promotional opportunities compared to others employees, despite her tenure and the fact that she trained employees who were promoted over her.

29.    For instance, Rita Durani (who is significantly younger than Plaintiff and not Black), was promoted to Medical Assistant Lead after only working as a Medical Assistant for about six (6) months.  Plaintiff was not afforded the opportunity to apply for this position.

30.    Ruhl was promoted to Assistant Clinic Lead after working as a Medical Assistant for about six (6) months.  Plaintiff again was not offered the opportunity to apply for the position.

31.     Plaintiff was not afforded the opportunity to be promoted to Assistant Clinic Lead when Stephanie Upton (who is White and significantly younger than Plaintiff) was given the position.

32.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

**COUNT I: 42 U.S.C. § 1981**

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

33.     This cause of action is asserted against all Defendants.

34.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

35.     Plaintiff is entitled to relief for race discrimination because she is Black, she was qualified for her job, she was terminated, and her job was not eliminated.

36.     Plaintiff is further entitled to relief for retaliation because she engaged in protected opposition to race discrimination; she suffered adverse actions subsequent to the protected activity, and a causal link exists between the protected activity and the adverse actions.

37.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

38.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II:  Title VII – Race and Color

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

39.     This cause of action is asserted against Defendant Immediate Care.

40.     The matters alleged above constitute violations of Title VII of the Civil Rights Act in the nature of race and color discrimination and retaliation.

41.     Plaintiff is entitled to relief for race and color discrimination because she is Black, she was qualified for her job, she was terminated from her employment, and her job was not eliminated.

42.     Plaintiff is further entitled to relief for retaliation because she engaged in protected opposition to race and color discrimination; she suffered adverse actions subsequent to the protected activity, and a causal link exists between the protected activity and the adverse actions.

43.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

44.     Because the actions of the Defendant were willful, wanton or, at the least, in

reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT III: ADEA

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

45.     This cause of action is asserted against Defendant Immediate Care.

46.     The matters alleged above constitute violations of the ADEA in the form of age discrimination and retaliation.

47.     Plaintiff is entitled to relief under the ADEA because at all relevant times hereto, Plaintiff was over age forty (40), was qualified for her job, was discharged and her job was not eliminated after her termination.

48.     Plaintiff is further entitled to relief under the ADEA for retaliation because Plaintiff engaged in protected opposition to age discrimination; she suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and the adverse actions.

49.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is entitled to liquidated damages based on Defendant's willful misconduct.

## COUNT IV: ADA/ADAAA

For her fourth cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

50.    This cause of action is asserted against Defendant Immediate Care.

51.    The matters alleged above constitute disability discrimination and retaliation for having requested reasonable accommodations in violation of the ADA and ADAAA.

52.    More specifically, Plaintiff was a qualified individual with a disability in that she suffers from impairments which substantially limited one or more major life activities. Plaintiff's disabilities also impact one or more of her internal bodily processes, as shown herein.  And, Plaintiff had a record of disability and/or was regarded as disabled because she had an actual or perceived impairment at the time she was terminated.

53.    Despite her impairments, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations at all relevant times hereto.

54.    Plaintiff was terminated under circumstances giving rise to an inference of discrimination.

55.    The matters alleged above also constitute retaliation for having requested reasonable accommodations in violation of the ADA and ADAAA.  Plaintiff is entitled to relief because she is a qualified individual with a disability; she engaged in protected activity by requesting reasonable accommodations; she suffered adverse actions subsequent to the protected activity and a causal link exists between the protected activity and the adverse actions.

56.    As damages, Plaintiff has suffered lost income, past and future, emotional

distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

57.     Because the actions of Defendant were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT V: FMLA

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

58.     This cause of action is asserted against all Defendants.

59.     The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of medical leave in violation of the FMLA.

60.     Plaintiff was entitled to medical leave because she worked for Defendant Immediate Care, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site for more than one (1) year and for more than 1,250 hours within the one year prior to her need for leave.

61.     The Individual Defendants are "employers" within the meaning of the FMLA. *See Lindsey v. Brinker Intern. Payroll Co., LP*, 2011 WL 2493047, *4 (W.D. Okla. June 22, 2011) (finding individually-named defendant with power to hire and fire employees and control the conditions of employment was an employer within the meaning of the FMLA).

62.     Defendants interfered with Plaintiff's rights under the FMLA by engaging in acts intended to have a chilling effect on Plaintiff's use of FMLA, including *inter alia*

Plaintiff asked for FMLA paperwork to complete in anticipation of her upcoming shoulder surgery, and was terminated shortly thereafter.

63.    Defendants also retaliated against Plaintiff for her use or attempted use of FMLA by terminating her.

64.    As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered injuries and is entitled to recover all damages or other equitable relief allowed by law, including but not limited to, lost wages, past and future, liquidated damages, based on the willfulness of Defendants' violations of the FMLA, attorney's fees and costs.

### COUNT VI: Tortious Interference

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

65.    This count is asserted against Defendants Story, Lynam, Pulliam, and Cook (collectively "Individual Defendants").

66.    The acts described above constitute tortious interference with a contractual/employment relationship, i.e., Plaintiff's employment with Defendant Immediate Care.  Defendants Story, Lynam, Pulliam, and Cook had no justification, excuse or privilege for such interference.

67.    The Individual Defendants knew or should have known of Plaintiff's employment relationship and expectancy of continued employment with Defendant Immediate Care.

12

68.     The Individual Defendants were involved in wrongfully terminating Plaintiff's employment based on the unlawful grounds set forth above.  As such, the Individual Defendants interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant Immediate Care.

69.     The actions of the Individual Defendants were intentional, malicious and wrongful.  The Individual Defendants were not acting to serve any legitimate or lawful interest of Defendant Immediate Care, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federal protected rights.

70.     In addition to not being legitimate, The Individual Defendants' actions were not justified or privileged.

71.     As a result, Plaintiff is entitled to all damages allowed by Oklahoma state law.

72.     Moreover, because the actions of the Individual Defendants were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**<u>COUNT VII: Interference with Prospective Economic Advantage</u>**

For her seventh cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

73.     This count is asserted against Defendants Story, Lynam, Pulliam, and Cook.

74.     The acts described above constitute unlawful interference with Plaintiff's prospective economic advantage.

75.     Plaintiff had a reasonable expectation for profit in her employment with Defendant Immediate Care.

76.     The Individual Defendants had knowledge of this relationship and/or expectancy.

77.     The Individual Defendants intentionally induced or caused a breach of Plaintiff's expectancy.

78.     Such a breach resulted in damage to Plaintiff.

79.     The Individual Defendants were involved in wrongfully terminating Plaintiff's employment based on the unlawful grounds set out above.  As such, the Individual Defendants interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant Immediate Care.

80.     The actions of the Individual Defendants were intentional, malicious and wrongful.  And, the Individual Defendants had no justification, excuse or privilege for their actions.  The Individual Defendants were not acting to serve any legitimate or lawful interest of Defendant Immediate Care, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federal protected rights.

81.     Plaintiff suffered damages as a direct result of the actions of the Individual Defendants.   And, such damages was proximately sustained as a direct result of the complained-of interference.

82.     As a result, Plaintiff is entitled to all damages allowed by Oklahoma state law.

83.    Moreover, because the actions of the Individual Defendants were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess actual, compensatory, punitive damages and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief under federal and Oklahoma state law as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 24TH DAY OF MAY, 2023.**

**s/Jana B. Leonard**
**JANA B. LEONARD, OBA# 17844**
**SHANNON C. HAUPT, OBA #18922**
**KARINA R. LUECK, OBA #35171**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. WALKER**
**OKLAHOMA CITY, OK 73139**
**(405) 239-3800       (telephone)**
**(405) 239-3801       (facsimile)**
**leonardjb@leonardlaw.net**
**haupts@leonardlaw.net**
**lueckkr@leonardlaw.net**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**